NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**BERNADETTE ROGERS, AS LEGAL REPRESENTATIVE FOR WILLIE LEE WILLIAMS,**
*Petitioner-Appellant*

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Respondent-Appellee*

———————————

2023-2176

———————————

Appeal from the United States Court of Federal Claims in No. 1:22-vv-00510-MHS, Judge Matthew H. Solomson.

———————————

Decided:  May 9, 2024

———————————

BERNADETTE ROGERS, Riverview, FL, pro se.

CLAUDIA BARNES GANGI, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ALEXIS B. BABCOCK, BRIAN M. BOYNTON, C. SALVATORE D'ALESSIO, HEATHER LYNN PEARLMAN.

———————————

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

PER CURIAM.

This is a case brought under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("the Vaccine Act"). Bernadette Rogers, acting as legal representative of her mother, Willie Lee Williams, appeals from a decision of the United States Court of Federal Claims ("Claims Court") denying her petition to review the Special Master's dismissal of her claim. *Rogers v. Sec'y of Health & Hum. Servs.*, No. 22-510V (Fed. Cl. Jul. 14, 2023), App. 5–15 (filed under seal); *Rogers v. Sec'y of Health & Hum. Servs.*, No. 22-510V, 2023 WL 4637147 (Fed. Cl. Spec. Mstr. Apr. 11, 2023), App. 16–21 ("*Decision*"). We *affirm*.

## BACKGROUND

Williams, at age ninety-one, was hospitalized at Tampa General Hospital on February 2, 2022. *Decision* at *1–2. Rogers alleges that, while in the hospital, Williams received an influenza vaccine and a polysaccharide pneumococcal vaccine. *Id.* Williams was subsequently discharged from the hospital on February 15, 2022, before passing away on February 22, 2022. Appellant's Informal Br. at 1, 5.

Rogers petitioned for compensation under the National Childhood Vaccine Injury Compensation Program ("Vaccine Program"). According to Rogers, the alleged influenza and polysaccharide pneumococcal vaccines contributed to William's death. *Decision* at *1. The Secretary argued that the Vaccine Program does not cover the polysaccharide pneumococcal vaccine and that there was no evidence that Williams had received an influenza vaccine in February 2022. *Id.* at *2.

The Special Master found that although the evidence showed that Williams had received the pneumococcal polysaccharide vaccine, the Vaccine Program "expressly

excluded" said vaccine. *Decision* at *2 (citing National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001)). He therefore concluded that "Rogers cannot receive compensation on a claim based on the polysaccharide vaccine through the Vaccine Program, and the claim must be dismissed." *Id.* (collecting cases).

Regarding the alleged influenza vaccine, the Special Master found that the "supplemental records from Tampa General Hospital indicat[e] that Ms. Williams did not receive the flu vaccine in February 2022." *Id.* (citing App. 243[1]); *see also id.* at *3 ("[T]he evidence shows that Ms. Williams did not receive the alleged flu vaccine."). Specifically, he found that the evidence showed that administration of the influenza vaccine was deferred and ultimately discontinued due to Williams's discharge from the hospital. Appellant's Informal Br. at 1 (acknowledging that "records dated 2/2022 states Fluvaril discontinued at discharge"); *id.* at 5 (supplemental hospital records indicating the influenza vaccine had been "Discontinued" due to "Patient Discharge"); App. 224 (finding that the "discharge report indicates that Ms. Williams 'deferred' the administration of the flu vaccine"). Because Rogers was unable to show that Williams "received a vaccine set forth in the Vaccine Injury Table," 42 U.S.C. § 300aa-11(c)(1)(A), her case was "dismissed for failure to present evidence (medical records)." *Decision* at *3.

Rogers filed a petition for review by the Claims Court. In addition to restating her claims presented to the Special Master, Rogers made various other allegations, including criminal and tortious acts. Those claims are not generally appropriate for inclusion in a Vaccine Act petition, but the

---

[1]   App. 243, filed under seal, is publicly available at Appellant's Informal Br. at 5.

court concluded that even if it generously read Petitioner's allegations as constituting a *pro se* complaint, it lacked jurisdiction over her additional claims. App. 10–11, 14. The court also affirmed the Special Master's denial of Rogers's motion for recusal and his dismissal of Rogers's claims. App. 12–13.

Rogers timely appealed. We have jurisdiction pursuant to 42 U.S.C. § 300aa-12(f).

## DISCUSSION

We review *de novo* a ruling by the Claims Court on a special master's decision to grant or deny entitlement to compensation under the Vaccine Act. *Lampe v. Sec'y of Health & Hum. Servs.*, 219 F.3d 1357, 1360 (Fed. Cir. 2000) (citing *Bradley v. Sec'y of Health & Hum. Servs.*, 991 F.2d 1570, 1574 (Fed. Cir. 1993) and *Hines v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1523–24 (Fed. Cir. 1991)). The Claims Court may only set aside a special master's findings of fact or conclusions of law if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C. § 300aa-12(e)(2)(B). Findings of fact receive deferential review under an "arbitrary and capricious" standard, legal conclusions are reviewed *de novo* under the "not in accordance with the law" standard, and discretionary rulings are reviewed for "abuse of discretion." *Munn v. Sec'y of Dep't. of Health & Hum. Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). We apply the same deference when reviewing the Claims Court's judgment affirming that of a special master. *Id.* at 870.

Rogers argues that the Special Master erred in dismissing her appeal. Namely, she argues that Williams received "three vaccines . . . without consent," which she identifies as "Fluvaril Remdesivir and Pnemonvax." Appellant's Informal Br. at 1. She argues that the Secretary "could not prove [that Williams] was not given vaccines." *Id.* The Secretary responds that (1) there is no such thing as a "Remdesivir" vaccine, (2) it is undisputed that the

Pnemovax vaccine is a pneumococcal polysaccharide vaccine not covered by the Vaccine Act, and (3) Rogers's arguments regarding the influenza vaccine amount to little more than a request to reweigh the evidence. Appellee's Br. at 14–15.

We agree with the Secretary. Remdesivir is not a vaccine, but rather an antiviral treatment for COVID-19, so even if Williams had received it, it would not be covered by the Vaccine Program. Rogers also made no allegations regarding Remdesivir before the Special Master or the Claims Court. It is further clear that, even though the record supports that Williams received a pneumococcal polysaccharide vaccine, such vaccine was explicitly excluded from the Vaccine Program, and it therefore does not entitle the appellant to compensation. National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. at 28166 ("[P]olysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table.").

With regard to the alleged influenza vaccine, Rogers appears to argue that the Special Master applied the incorrect legal standard in analyzing her claims by arguing that he failed to consider that the Secretary "could not prove [Williams] was not given" the influenza vaccine. Appellant's Informal Br. at 1. We disagree. It was Rogers's burden to prove receipt of a vaccine by a preponderance of the evidence. 42 U.S.C. §§ 300aa-11(c)(1), -13(a)(1)(A); *Moberly ex rel. Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1322 (Fed. Cir. 2010). The Special Master therefore reached his determination that Rogers had not met her burden in accordance with the law.

And, regardless, the Special Master *did* determine that the evidence showed "that the [influenza] vaccine was not administered." *Decision* at *3. As the Special Master found, the record evidence not only failed to show that Williams received an influenza vaccine, but it affirmatively

showed that Williams did *not* receive an influenza vaccine. *See, e.g.*, *id.* (citing App. 243). The Special Master's conclusion that Williams did not receive an influenza vaccine during her February 2022 hospital stay was therefore not arbitrary or capricious. It is within a special master's discretion to weigh evidence, and "reversible error is 'extremely difficult to demonstrate'" unless the special master failed to consider the relevant evidence of record, drew implausible inferences, or failed to provide a rational basis for the decision. *Lampe*, 219 F.3d at 1360 (citation omitted); *see also Munn*, 970 F.2d at 870 (noting that the arbitrary and capricious standard is "well understood to be the most deferential possible"). The Special Master's decision shows that he thoughtfully considered the relevant evidence in accordance with the law and reached a rational conclusion supported by the record.

## CONCLUSION

We have considered Rogers's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm* the judgment of the Claims Court.

### AFFIRMED

## COSTS

No costs.